WEBB, JUDGE:
An application of the claimant, Mildred L. Belt, for an award und er the West Virginia Crime Victims Compensation Act, was filed February 17, 1999. The report of the Claim Investigator, filed November 30, 1999, recommended that no award be granted, to which the claimant timely objected. An Order was issued on January 20, 2000, confirming the Investigator's recommendation, in response to which the claimant's request for hearing was filed February 22, 2000. This matter came on for hearing September 12, 2001, the claimant appearing in person and by counsel, Christopher S. Moorehead, and the State of West Virginia by counsel, Joy M. Bolling, Assistant Attorney General.
On or about February 2, 1999, the claimant’s 23-year-old son, Arthur Belt, was fatally stabbed by Roy Garrison in Cowen, Webster County. The offender was indicted for murder and is currently serving a prison sentence.
The initial denial of an award was based on the alleged contributory misconduct of the victim, Arthur Belt. Based on the report of the West Virginia State Police, the victim and others voluntarily pursued the offender Roy Garrison instead of reporting the crime to law enforcement officials.
Sergeant Robert Lee Stickley of the West Virginia State Police testified at the hearing of this matter. Sergeant Stickley investigated the murder of Mr. Belt which occurred on the night of February 2, 1999 (Transcript, page 12). Sergeant Stickley was informed of the crime by the Summersville State Police Detachment. Upon investigation, Sergeant Stickley determined that the events leading up to this tragic crime involved the theft of Kenneth Naylor’s vehicle. Mr. Naylor was a friend or acquaintance of Mr. Belt (Transcript, page 13). Roy Garrison had stolen Kenneth Naylor’s car a few days prior to this incident. Kenneth Naylor, Roy Naylor, Steve Stevens, and Arthur Belt traveled together to Cowen in Webster County for the *499 purpose of finding the stolen vehicle (Transcript, page 13). According to Sergeant Stickley, Mr. Belt and the three individuals in the vehicle with him located Mr. Garrison in Cowen on the night in question. Upon seeing them, Mr. Garrison immediately ran from them (Transcript, page 13). At that time, Kenneth Naylor and Mr. Belt got out of the vehicle and pursed Mr. Garrison. However, Mr. Belt was the only individual who was physically able to catch up with Mr. Garrison. He pursued him through a field. Unfortunately, it was at this time that Mr. Garrison turned and stabbed Arthur Belt to death (Transcript, page 14).
The investigation revealed no witnesses who saw the altercation. It occurred at night in a dark field, making it difficult, if not impossible, for witnesses to see anything. One witness did see Mr. Belt chase Mr. Garrison into the field, and subsequently heard someone scream (Transcript, page 14). Sergeant Stickley testified that he did not believe that Mr. Belt and Mr. Garrison knew each other. He also testified that it was possible that Mr. Garrison was running because he feared for his life or personal safety. He also stated that the stolen vehicle had been reported to law enforcement prior to this incident, but he could not explain why Mr. Belt and the individuals with him did not wait for the police to investigate the matter. Based on his seventeen years of experience as a police officer, Sergeant Stickley did not consider it prudent on the part of the victim Arthur Belt to chase a stranger suspected of stealing a vehicle into a field at night (Transcript, page 24).
There is no doubt that Arthur Belt was a victim of criminal conduct, and his murder is indeed a tragedy. However, this Court is constrained by the evidence to adopt the Claim Investigator’s recommendation to deny this claim because the claimant was guilty of contributory misconduct.
W.Va. Code §14-2A-3(1) defines “Contributory misconduct” as “any conduct of the claimant, or of the victim through whom the claimant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.”
This Court has consistently held that an individual who pursues another regarding a matter that should be handled by the police places himself in harm’s way, and such conduct constitutes contributory misconduct. In re Jarrell, CVR-82-4 (1984); In re Woolley, CVR-82-18 (1983). This Court does not wish to encourage individuals to take law enforcement responsibilities into their own hands. Such actions are risky and invite violence which can lead to tragic outcomes such as the one at issue. The evidence in this claim demonstrates that Arthur Belt and three other individuals w ere s earching f or M r. Ga rrison w ho t hey h ad r eason t o b elieve had *500 stolen Kenneth Naylor’s car. Instead of going after Mr. Garrison on their own, Mr. Naylor and Mr. Belt should have waited for the police to apprehend him.
Contributory misconduct also includes intentionally tortious conduct on the part of a victim where the intentional tort has a causal relationship to the criminally injurious conduct at issue. An assault is an intentional tort defined as an intentional act which places another in reasonable apprehension of imminent harmful or offensive contact. W. PAGE KEETON ETAL, PROSSER AND KEETON ON THE LAW OF TORTS §10, at 43 & 44 ( 5th ed. 1984). T he e vidence a dduced at the hearing establishes that Mr. Belt’s pursuit of Mr. Garrison, given the circumstances, constituted an assault. Certainly, Mr. Garrison’s actions were not justifiable by any means. However, Mr. Garrison was approached at night by a car full of individuals, one of whose vehicle he had stolen. When two individuals got out of this vehicle to chase him, it was reasonable for him to be in fear of imminent harmful or offensive contact from his pursuers.
This claim was initially denied on the basis of contributory misconduct on the part of the claimant. Nothing adduced at the hearing convinces this Court otherwise.
The Court is constrained by the evidence to stand by its previous ruling and deny the claim.